UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

STACEY CLARK,

    Plaintiff,

vs.

THE AUTO CLUB GROUP, INC., a Michigan Corporation

    Defendant.

_____/

## COMPLAINT

The Plaintiff, STACEY CLARK by and through her undersigned counsel, hereby sues the Defendant, THE AUTO CLUB GROUP, INC. a Michigan Corporation, (Hereinafter referred to as "AAA") and as grounds thereof states as follows:

### PRELIMINARY ALLEGATIONS

1. Plaintiff brings this action against Defendant to recover damages and for other relief. Plaintiff seeks damages in the form of back pay and unpaid earned bonuses and liquidated damages and injunctive relief caused by Defendants' interference and retaliation for Plaintiff's taking and/or seeking necessary protected leave in violation of Section 102 of the Family Medical Leave Act (hereinafter "FMLA") of 1993, 29 U.S.C. §2615 et seq.

### JURISDICTION/VENUE

2. Jurisdiction is proper in this Court pursuant to 29 U.S.C. §2617.

3. Defendant, THE AUTO CLUB GROUP, INC. a is a Michigan corporation. Defendant, at all times material hereto conducted business in and throughout the State of Florida

and particularly, as it relates to the claims herein, within Indian River County, Florida and was and is in the business of providing automobile insurance services, to citizens and entities located in Indian River County, Florida.

4. All causes of action arose in Indian River County in that Plaintiff performed work for Defendant in Indian River County and all violations of law alleged herein occurred in Indian River County, Florida.

5. Plaintiff is a resident of Indian River County, Florida, over the age of eighteen and otherwise sui juris.

## COMMON ALLEGATIONS

6. Plaintiff has exhausted all administrative or statutory prerequisites prior to initiating this action and has fulfilled all conditions precedent.

7. Plaintiff is employed by Defendant working with AAA from approximately November 2017 through present. Plaintiff was hired as an Insurance Agent and has worked full time as such for AAA since being hired.

8. On or about October 7, 2019, Plaintiffs applied for Intermittent Family Medical Leave due to an ongoing permanent serious medical condition. The Request for medical leave under the FMLA (hereinafter "First Request") was granted on or about October 10, 2019 and covered the period of time from September 19, 2019 through September 19, 2020.

9. Pursuant to the First Request, absences from work between 10/7/2019 and 10/11/2019 were considered covered FMLA leave under the First Request and Plaintiff was permitted to take FMLA leave for episodic flare ups: 4 times per month, up to 2 days per episode going forward. Plaintiff through the effective time period covered by the First Request regularly

averaged taking at least one day off from work per week because of her serious medical condition and Defendant regularly approved of the same as permitted FMLA leave without issue.

10. When the First Request leave expired, Plaintiff sought to renew the request for continued intermittent medical leave. On or about November 11, 2021, Plaintiff submitted a Certification of Health Care Provider of Employees Serious Medical Condition, Form WH-380-E, to Defendant seeking to continue the previously requested and granted FMLA leave for the next year (herein after referred to as "Second Request"). The Certification indicated that Plaintiff had been seen by the certifying physician to treat her on-going serious medical condition on multiple prior dates, including on November 2, 2021.

11. Plaintiff's request to extend her intermittent FMLA leave was granted on November 12, 2021. The Designation Notice Plaintiff received acknowledged that because her leave would be "intermittent and unscheduled", it would not be possible to provide the hours, days, or times that would be counted against her FMLA leave entitlement in advance and only required that she substitute and use any paid leave when using her FMLA leave in accordance with AAA policy.

12. On or about November 17, 2021, plaintiff received a write up for failure to follow company policy and procedures related to her doctor's appointment absence from work on November 2, 2021. As a result of the write up Plaintiff was denied a substantial bonus she would have otherwise received. Plaintiff disputed the November 17, 2021 write up and demanded that the November 2, 2021 absence be treated as FMLA leave and that she be paid the bonus she earned, but Defendant has refused to do either despite multiple demands.

13. The Family Medical Leave Act does not require any particular prior notice when taking approved intermittent FMLA leave beyond "reasonable notice" to the employer when

possible. Nor does the FMLA require advance notice or approval for emergency medical care covered under the act. The FMLA specifically allows for an individual to use intermittent FMLA leave for medical appointments, which may either be planned in advance or for emergency medical care for an on-going serious medical condition.

14. Plaintiff experienced a Medical/Dental Emergency that required immediate medical care and ongoing care and treatment to treat and surgically correct a dental issue that was causing plaintiff extreme pain and discomfort and hindered her ability to eat, talk or chew until corrected (hereinafter "Emergency Dental Care"). As a result, Plaintiff had to seek unplanned and planned emergency care and treatment for her Emergency Dental Care on 3/16/22, 3/18/22 ,3/21/22, 4/5/22 and 6/9/22.

15. Plaintiff provided Defendant with as much advance notice as possible of the need for the Emergency Dental Care and even submitted to Defendant a doctor's letter detailing the need for the medical care and treatment and seeking her excusal from work for the care and treatment required and requested that the same be treated as permitted leave under the FMLA.

16. The absence from work on 11/2/2021 was specifically covered under the approved First Leave Request and Second Leave Request and the absences on 3/16/22, 3/18/22. 3/21/22 and 6/9/22 were for emergency care and treatment of a serious medical condition and thus covered under the FMLA.

17. Plaintiff has at all times given as much advance notice as possible directly to her supervisor of her intent to take any protected time off from work under the FMLA. She, however, was unable to document the FMLA absences as she was denied access the Defendant's HR software "People Soft ', a matter that is well documented and due to no fault of the Plaintiff

and received conflicting directives from her employer on who or to whom such requests must be made or submitted.

18. Despite giving notice, when possible, Plaintiff on or about April 8. 2022 received a Performance Improvement Plan/Write Up (hereinafter "PIP") for multiple absences which included for absences for taking protected leave under the FMLA. A Copy of the PIP is attached hereto as Exhibit "A." Additionally, Plaintiff's supervisor, Bud Clark, made it known to Plaintiff and others that he did not approve of Plaintiff taking any time off from work for permitted FMLA leave and began a campaign to harass, exclude, ostracize plaintiff and issue false write ups against Plaintiff for taking or seeking protected FMLA leave, including the PIP.

19. The PIP asserted that on March 21, 2022 plaintiff arrived late and left work early for a medical appointment allegedly without prior approval from management and/or allegedly not notifying management of the same. The allegation, as contained within the write up, was and is deliberately and intentionally false. Plaintiff had prior approval for intermittent FMLA leave and as such was not required to obtain any additional approval to take the same. Second, Plaintiff did in fact notify her manager in advance by e-mail of the fact that she would be required to have an emergency medical visit for Emergency Dental Care that afternoon and would be leaving the office early. Copies of e-mails in Plaintiff's possession show that Plaintiff's supervisor Bud Clark was put on prior notice of her having to leave the office for the Emergency Dental Care. In fact, Mr. Clark responded to the e-mail by e-mailing Plaintiff back "good luck". As such Defendant was in fact informed prior of the need for the Emergency Dental Care received on March 21, 2022. Accordingly, the inclusion of that absence in the PIP was an intentional and deliberate act of interference and retaliation against Plaintiff for taking or seeking protected leave under the FMLA.

20. The PIP next indicates that Plaintiff was being written up for arriving late to work on March 28, 2022 while "customers were waiting for their appointment". This allegation is demonstratively false. On the date in question Plaintiff in fact clocked in at exactly 8:31 a.m., which was the exact time that she was required to start work. A review of the camera footage from the office will also verify this fact. Additionally, the office door requires an electronic entry passcode that Plaintiff used at that time which will prove and establish that she was on time on that date and that inclusion of this false allegation in the PIP was another act of deliberate interference with and retaliation against Plaintiff for exercising her rights under the FMLA.

21. Mr. Clark, via the PIP, next alleged that Plaintiff left work early without making prior arrangements or notifying management on March 30, 2022. This is a false allegation given documentation Plaintiff possess that directly refutes the same. Specifically, documents show that on March 30, 2022 at exactly 2:46 p.m. Plaintiff sent out a Teams Chat message to her supervisor Mr. Clark and management stating "heads up, I have to leave at 4:15 today". Plaintiff actually left work at 4:45 that day as she was with a client until that time. As such, the assertion that Plaintiff did not give prior notice of the need to leave, which leave was necessary to attend a charity event on behalf of the company, is provably false and was intentionally included in the PIP as an act of interference with and retaliation for my client exercising her rights under the FMLA.

22. Mr. Clark also falsely alleged in PIP that Plaintiff allegedly took an extended lunch without making arrangements with or notifying management on April 4, 2022. Again, this allegation is provably false. Specifically, a review of the work phone log for Plaintiff shows that not only did she not take an extended lunch on that date, she took no lunch at all and in fact worked through the same. Also, Team Chat messages sent by Plaintiff to her supervisor during

this point also establish that she was at work during lunch and did not take any extended lunch as falsely accused of doing. This allegation was included in the PIP as an intentional act of interference and retaliation against Plaintiff for exercising her rights under the FMLA.

23. Finally, Mr. Clark falsely accused Plaintiff of leaving early without making prior arrangements or notifying management on April 5, 2022. This allegation is demonstratively false. First, on April 4, 2022 at 5:14 p.m. Plaintiff sent to Mr. Clark a text message stating "I need to leave at 12:45 tomorrow extended lunch be back by 4 p.m.". This text was in regard to her ongoing Emergency Dental Care that Plaintiff had to schedule for the following day wherein she received and provided to Defendant a doctor's note dated April 5, 2022 stating "please excuse Stacy Clark from work today Tuesday April 5 as she had an emergency dental appointment at my office, if you have any questions please give my office a call 772-567-2237". Thus, not only was prior notice given to management of the need for the additional emergency FMLA leave prior to taking the same, but Plaintiff followed up by providing documentation demonstrating that absence was for an emergency medical dental appointment. Thus, the assertions made by Defendant in the PIP are deliberately false, and retaliatory and intended to interfere with and retaliate against Plaintiff for exercising her rights under the FMLA.

24. Plaintiff objected to and appealed the PIP and made multiple demands of Defendant to remove the same from her employment record and that no further acts of retaliation or interference be taken against her. Defendant has and continues to refuse to meet her demands or otherwise cease and desist from taking acts of interference and retaliation against Plaintiff in violation of the FMLA.

25. Defendant has an continues to retaliate against and interfere with Plaintiffs rights and efforts to exercise her rights under the FMLA by falsely accusing her of violating various

company policies and procedures, denying her benefits and services provided to other employees and creating a hostile work environment because of Plaintiff's efforts to exercise her rights under the FMLA or because of her objections to Defendants violation of the same.

26. Plaintiff remains in fear that at any given time Defendant will seek her dismissal from work without cause or reason, falsely accuse of her violating company policies and/or procedures or otherwise deny her benefits and compensation she is due or has earned.

27. The Family Medical Leave Act specifically prohibits an employer from interfering with an employee's rights to exercise their rights under the FMLA including the right to take intermittent medical leave for a serious medical condition or seek and take leave for emergency medical services or care.

28. Instead of permitting Plaintiff to exercise those rights freely and without interference she has been met with extreme hostility, anger, and write ups and has suffered additional anxiety and depression as a result of the actions that have been taken against her, which have in fact necessitated the need for additional emergency medical care and treatment. Further, Plaintiff has also been denied benefits and compensation that she is entitled to in retaliation for exercising her rights.

### COUNT I:  INTERFERENCE WITH FMLA PROTECTED LEAVE

29. The allegations in paragraphs 1 through 28 are reasserted herein.

30. This is an action for damages and injunctive relief caused by Defendant's interference with Plaintiff's attempts to take the necessary medical leave, and the subsequent disciplinary action taken against her for taking protected leave and the denial of benefits and compensation earned in violation of Section 102 of the Family Medical Leave Act (hereinafter "FMLA") of 1993, 29 U.S.C. §2615 et seq.

31. The jurisdiction of this Court over this controversy is invoked pursuant to 29 U.S.C. §2617.

32. Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. §2611 (2) (A) during all times material hereto.

33. Defendant was an "employer" of Plaintiff within the meaning of 29 U.S.C. §2611 (4) (A) at all times relevant hereto.

34. During all times material, Plaintiff suffered from multiple "serious health conditions" as defined by the FMLA in that Plaintiff (a) experienced periods of incapacity due to a serious medical condition (b) required continuing treatment by a health care provider; and/or (c) required emergency medical care and treatment.

35. During all times material, Plaintiff provided notice to her employer regarding her need for protected leave under the FMLA, as such notice was practicable, pursuant to the requirements of the Family and Medical Leave Act of 1993.

36. Defendant failed to comply with all notice requirements pursuant to the FMLA, and is therefore precluded from taking any adverse employment action against Plaintiff for any failure on Plaintiff's part to comply with the FMLA.

37. During all times material, Plaintiff was willing and able to provide medical certification from her health care providers justifying Plaintiff's need for such leave and in fact did so on more than one occasion.

38. During all times material, Defendant interfered with Plaintiff's use of FMLA protective leave by failing or refusing to allow Plaintiff to take FMLA leave, by failing to approve FMLA leave, by interfering with Plaintiff's attempts to take FMLA leave, by issuing formal disciplinary write ups of Plaintiff for taking and using protected leave and by denying her

benefits and compensation earned as a result of such write up and refusing to rescind the write ups or pay the compensation due and owed after demand was made all in violation of Section 29 U.S.C. §2615 et seq., as Plaintiff was disciplined, subjected to retaliation and denied benefits and compensation as a direct result of her exercise of her rights under the FMLA act.

WHEREFORE, Plaintiff prays this Court will:

A.    Enter a judgment that Defendant's discipline and denial of earned benefits and compensation as more fully set forth hereinabove, violated Title 29 U.S.C. §2615 of the Family and Medical Leave Act of 1993;

B.    Enter a judgment pursuant to 29 U.S.C. §2616 (a)(1)(A)(i)(II) against the Defendant and in favor of Plaintiff for monetary losses Plaintiff sustained as a direct result of Defendant's illegal acts against Plaintiff;

C.    Enter a judgment pursuant to 29 U.S.C. §2617 for reinstatement of all unpaid benefits due Plaintiff, with a mandate that she be paid all future benefits and wages earned;

D.    Enter a judgment pursuant to 29 U.S.C. §2617 against the Defendant and in favor of Plaintiff for the reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action;

E.    Enter a judgment pursuant to 29 U.S.C. §2617 (a)(1)(A) in favor of Plaintiff for liquidated damage to be an additional amount equal to the sum of actual damages plus interest; and

F.    Award Plaintiff such further and additional relief as this Court deems just and proper.

## COUNT II:  FMLA RETALIATION BY DEFENDANTS

39. Plaintiff re-alleges paragraphs 1 through 28 and 30 to 38 as if fully set forth herein.

40. During all times material, Defendant retaliated against Plaintiff because of Plaintiff's use of FMLA protected leave by writing up disciplining, denying benefits and bonuses and subjecting Plaintiff to a hostile work environment because of her attempts to exercise her rights under the FMLA.

41. Further, as a direct and proximate cause of Plaintiff's use of job protected medical leave, Defendant, its agents, and/or employees, who were at all times acting in the course and scope of their employment with Defendant, subjected plaintiff to the illegal acts of retaliation as alleged herein.

WHEREFORE, Plaintiff prays this Court will:

A. Enter a judgment that Defendant's discipline and denial of earned benefits and compensation as more fully set forth hereinabove violated Title 29 U.S.C. §2615 of the Family and Medical Leave Act of 1993;

B. Enter a judgment pursuant to 29 U.S.C. §2617 (a)(1)(A)(i)(II) against Defendant and in favor of Plaintiff for monetary losses Plaintiff sustained as a direct result of Defendant's illegal retaliation;

C. Enter a judgment pursuant to 29 U.S.C. §2617 for reinstatement of all unpaid benefits due Plaintiff, with a mandate that she be paid all future benefits and wages earned;

D. Enter a judgment pursuant to 29 U.S.C. §2617 against Defendant and in favor of Plaintiff for the reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action;

E.   Enter a judgment pursuant to 29 U.S.C. §2617 (a)(1)(A) in favor of Plaintiff for liquidated damages to be an additional amount equal to the sum of the actual damages plus interest; and

F.   Award Plaintiff such further and additional relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands jury trial on all issues so triable as a matter of right.

CHRISTOPHER C COPELAND, P.A.
1003 W Indiantown Road, Ste 208
Jupiter, FL  33458
561-691-9048 (office)
866-259-0719 (fax)
Chris@CopelandPA.com

  /s/ Christopher C Copeland
CHRISTOPHER C. COPELAND
Florida Bar #938076
*Attorney for Plaintiff*

S Clark Probation Pg. 2



# EMPLOYEE IMPROVEMENT PLAN

| Today's Date:<br>3/31/2022 | Employee Name:<br>Stacey Clark | | Employee ID:<br>63943 | Date of Hire:<br>11/13/2017 | |
|---|---|---|---|---|---|
| Employee's Job Title:<br>Field Sales Agent | | Job Code:<br>12I50 | Department/Branch:<br>Vero Beach-Ins Agency | | Dept. ID:<br>098I81 |
| Manager/Supervisor:<br>William Clark (P64530) | | | Next Level Manager:<br>Brandon Church | | |

| REASON FOR MEETING | ☐ Work Standards/Productivity<br>*(Prior discussions must have occurred before using this form)*<br><br>Time period for improvement _____ days | or | Conduct:<br>☒ Improper Conduct<br>☐ Negligence/Carelessness<br>☒ Violation of Policy or Procedure<br>☐ Other |
|---|---|---|---|

| SUMMARY OF FACTS OR EVENTS LEADING TO DISCUSSION | Please reference or include supporting documentation, when applicable, such as production reports, productivity measures, policies and procedures, etc.<br><br>Stacey has violated company policy by not reporting absences from the office to her manager. She has developed a pattern of not making prior arrangements with or obtaining pre-approval from management for time away from the office. Recent occurrences include:<br><br>- 3/21/2022 she arrived late and then left mid day for an appointment without making prior arrangements with management and for both she did not notify management. See attachment (1)<br>- 3/28/2022 - arrived late without notifying management and she had customers waiting for their appointment. See attachment (2) There are CAMERA'S I was Not Late<br>- 3/30/2022 Left early without making prior arrangements or notifying management attachmt (3)<br>- 4/4/2022 - took an extended lunch without making arrangements or notifying management (4)<br>- 4/5/2022 - left early without making prior arrangments or notifying management (5)<br><br>Stacey's actions have led to additional work for coworkers and affected member service. |
|---|---|

| PREVIOUS DISCUSSIONS | Please list the dates of coaching discussions, action/work plans and/or discipline action(s) taken:<br>11/18/2021 - Written EIP for Improper Conduct and Violation of Policy or Procedures<br>7/24/2019 - ACG Code of Conduct 2019-2021 Training |
|---|---|

| IMPROVEMENT REQUIRED | Expectations moving forward and dates of follow up meetings:<br>Going forward Stacey is expected to follow all company policies, procedures and work rules. Specifically she must<br>- Be available in the branch to external and internal customers during core branch hours. Current Vero Beach hours are 8:30 - 5:30pm Monday - Friday.<br>- Obtain prior approval from management for any time needed away from the office during core branch hours (marketing days, PTO, etc.). Request must be submitted and approved at least 24 hours in advance.<br>- Notify management prior to start of business day if she is going to be absent or late and immediately if she needs to leave the office for any reason.<br>- Communicate schedules including lunches, and marketing time with coworkers using MS Teams. |
|---|---|

| FAILURE TO IMPROVE | Failure to improve will result in additional Employee Improvement Plans and/or further disciplinary action which may include termination. |
|---|---|

| ACTION TAKEN | ☐ Written     ☒ Probation     ☐ Disciplinary Layoff ____ days     ☐ Demotion |
|---|---|

Last Revised: 05/2016

Exhibit "A"

S Clark Probation Pg. 2

| EMPLOYEE COMMENTS | I have a serious medical condition which can be documented, and I have been to multiple doctor appointments |
|---|---|

Formal discipline may be appealed through the appeal process.

While on formal discipline (90 days for written, 180 days for probation/disciplinary layoff), employees are ineligible to apply for internal job openings and/or to submit new tuition reimbursement applications. Previous disciplinary action for similar situations may be taken into consideration in determining disciplinary action level for current circumstances.

X _____   P63943   772-770-3830   4/8/2022
Employee Signature               EmplID#     Phone         Date

_____   P64530   772-446-1298   4/6/2022
Manager/Supervisor Signature   EmplID#     Phone         Date

_____   _____   _____   _____
Employee Relations/Human Resources Review   EmplID#   Phone   Date

Copies to employee, department file, and local HR or Employee Relations

Did not Sign

Last Revised: 05/2016

Exhibit "A"